IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| FORREST WALTON LEE, JR.,<br><br>　　Plaintiff,<br><br>v.<br><br>GENIE INDUSTRIES, INC. and NEFF RENTAL, INC.<br><br>　　Defendants. | JURY TRIAL DEMANDED<br><br>CIVIL ACTION<br>FILE NO. _____ |

## **COMPLAINT FOR DAMAGES**

COMES NOW Forrest Walton Lee, Jr., Plaintiff in this action, and files this Complaint for Damages against Defendants as follows:

### **PARTIES AND JURISDICTION**

1.

Plaintiff Forrest Walton Lee, Jr. is a citizen and resident of the State of Georgia and resides in Gwinnett County, Georgia.

2.

Defendant Genie Industries, Inc., ("Genie") is a Washington corporation with its principal place of business and offices located in Redmond, Washington. Defendant Genie may be served through its registered agent for service of process, Corporation Service Company, 40 Technology Parkway South, #300, Norcross, Georgia 30092.

3.

Defendant Neff Rental, Inc., ("Neff") is a Florida corporation with its principal place of business and offices located in Miami, Florida. Defendant Neff may be served through its registered agent for service of process, Corporation Creations Network, Inc., 2985 Gordy Parkway, #421, Marietta, Georgia 30066.

4.

Jurisdiction is proper in this Court under 28 U.S.C. § 1332 because there is diversity of citizenship of the parties and the amount in controversy is greater than $75,000. Venue is proper in this Court under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim occurred in this district and in this division of this district.

**FACTUAL BACKGROUND**

5.

On May 16, 2005, in Athens, Clarke County, Georgia, Plaintiff Lee was working in the platform of a Genie articulated boom lift truck (the "lift truck"). The lift truck controls malfunctioned, the brakes would not engage, the lift could not be slowed or stopped and instead was accelerating down a decline, and Lee was caused to be injured when the lift truck crashed into a wall.

6.

Defendant Genie Industries, Inc. manufactured the Genie lift truck involved in the incident-in-suit. Defendant Neff maintained the lift truck at all times relevant to this action.

7.

The purpose of the lift truck was to lift workers so that they could perform work in high places. The lift truck was equipped with controls that should have allowed Lee to stop, slow, and otherwise control the lift truck when it was being moved from place to place under its own power.

8.

The lift truck should have stopped in response to control input by Plaintiff Lee. Instead, without responding to braking efforts, and in violation of reasonable consumer expectations of safety, the lift truck continued, accelerated out of control, and could not be stopped or slowed.

9.

As a direct and proximate result of the fact that the lift truck was defective in design, manufacture, and maintenance, and further because of the lift truck, did not contain adequate warnings or instructions for safe use, the lift truck caused Plaintiff Lee to be seriously injured.

10.

The acts and omissions of Defendants as set forth herein were willful and showed an entire lack of care and a conscious indifference to the consequences, justifying an award of exemplary damages against Defendants.

## COUNT ONE
## STRICT PRODUCTS LIABILITY AGAINST GENIE

11.

Plaintiff re-alleges and incorporates by reference paragraphs 1 through 10 above as if they were fully restated verbatim herein.

12.

Defendant Genie designed and manufactured the lift truck involved in the incident-in-suit.

13.

Defendant Genie was engaged in the business of selling lift trucks for use and consumption.

14.

Defendant Genie sold the lift truck involved in the incident-in-suit.

15.

The Genie lift truck was defective in its design and manufacture because it was not equipped with adequate and safe operator controls and did not contain adequate warnings or instructions for safe use. Because of these defects, the Genie lift truck was unreasonably

dangerous to a person who might reasonably be expected to use or be affected by the product.

16.

The Genie lift truck was defective at the time it was sold by defendant or at the time it left defendant's control.

17.

The Genie lift truck was expected to reach the user without substantial change in the condition in which it was sold.

18.

The Genie lift truck did reach the user without substantial change in the condition in which it was sold.

19.

Plaintiff Lee was a person who would reasonably be expected to use or be affected by the Genie lift truck, and Plaintiff Lee used the lift truck in a reasonably foreseeable fashion.

20.

As a direct and proximate result of the defects in the Genie lift truck, Plaintiff Lee was caused to endure past, present and future pain and suffering, incur past, present and future medical bills, and suffer past, present and future lost wages and benefits, as well as a permanent impairment of his ability to work and labor, entitling Plaintiff Lee to an award of general and special damages in Plaintiff Lee's favor and against Defendant Genie in an amount in excess of $75,000.00, to be determined by a jury of Plaintiff's peers.

## COUNT TWO
## NEGLIGENCE AGAINST GENIE

21.

Plaintiff re-alleges and incorporates by reference paragraphs 1 through 20 above as if they were fully restated verbatim herein.

4

22.

Defendant Genie was negligent in manufacturing the Genie lift truck in that Defendant Genie failed to exercise reasonable care to prevent the product from creating an unreasonable risk of harm to the person of one who might reasonably be expected to use or be affected by the product while it was being used in the manner the Defendant Genie might reasonably have expected. In particular, the lift truck was not equipped with adequate and functioning operator controls and failsafe devices and adequate warnings and instructions designed to prevent the kind of injuries suffered by Plaintiff Lee.

23.

As a direct and proximate result of Defendant Genie's negligence, Plaintiff Lee was caused to endure past, present and future pain and suffering, incur past, present and future medical bills, and suffer past, present and future lost wages and benefits, as well as a permanent impairment of his ability to work and labor, entitling Plaintiff Lee to an award of general and special damages in Plaintiff Lee's favor and against Defendant Genie in an amount in excess of $75,000.00, to be determined by a jury of Plaintiff's peers.

**COUNT THREE**
**PUNITIVE DAMAGES AGAINST GENIE**

24.

Plaintiff re-alleges and incorporates by reference paragraphs 1 through 23 above as if they were fully restated verbatim herein.

25.

Defendant Genie's conduct in designing and selling the lift truck so that an operator would have no brakes and no way to slow or control the speed of the lift truck exhibits an entire lack of care and a conscious disregard for the safety of humans who operate it.

5

26.

As a direct and proximate result of Defendant Genie's wrongful conduct, Plaintiff is entitled to judgment against Defendant Genie for exemplary damages to deter similar conduct in the future and to punish Defendant Genie for its wrongful acts, in an amount to be determined by the enlightened conscience of the finder of fact.

### COUNT FOUR
### NEGLIGENCE AGAINST NEFF

27.

Plaintiff re-alleges and incorporates by reference paragraphs 1 through 26 above as if they were fully restated verbatim herein.

28.

Defendant Neff was negligent in maintaining the Genie lift truck in that Defendant Neff failed to exercise reasonable care to prevent the product from creating an unreasonable risk of harm to the person of one who might reasonably be expected to use or be affected by the product while it was being used in the manner the Defendant Neff might reasonably have expected. In particular, the lift truck controls and safety features were not maintained in a reasonable manner so as to prevent the injuries suffered by Plaintiff Neff.

29.

As a direct and proximate result of Defendant Neff's negligence, Plaintiff Lee was caused to endure past, present and future pain and suffering, incur past, present and future medical bills, and suffer past, present and future lost wages and benefits, as well as a permanent impairment of his ability to work and labor, entitling Plaintiff Lee to an award of general and special damages in Plaintiff Lee's favor and against Defendant Neff in an amount in excess of $75,000.00, to be determined by a jury of Plaintiff's peers.

## COUNT FIVE
## PUNITIVE DAMAGES AGAINST NEFF

30.

Plaintiff re-alleges and incorporates by reference paragraphs 1 through 29 above as if they were fully restated verbatim herein.

31.

Defendant Neff's conduct in maintaining the lift truck so that an operator would have no brakes, and no way to slow or control the lift truck exhibits an entire lack of care and a conscious disregard for the safety of humans who operate it.

32.

As a direct and proximate result of Defendant Neff's wrongful conduct, Plaintiff is entitled to judgment against Defendant Neff for exemplary damages to deter similar conduct in the future and to punish Defendant Neff for its wrongful acts, in an amount to be determined by the enlightened conscience of the finder of fact.

## COUNT SIX
## COMBINED AND CONCURRING CONDUCT CAUSING INJURY AND DEATH

33.

Plaintiff re-alleges and incorporates by reference paragraphs 1 through 32 above as if they were fully restated verbatim herein.

34.

The conduct of Defendant Genie and Defendant Neff combined and concurred to cause the injuries suffered by Plaintiff Lee.

35.

As a direct and proximate result of the combined and concurring conduct of Defendants Genie and Neff, they are jointly and severally liable to Plaintiff, thereby entitling Plaintiff to an award of damages caused for past, present and future pain and suffering, past, present and future medical bills, and past, present and future lost wages and benefits, as well

7

as a permanent impairment of his ability to work and labor in favor of Plaintiff and against Defendants, and each of them, in an amount in excess of $75,000.00, to be determined by a jury of Plaintiff's peers.

**WHEREFORE**, Plaintiff prays that summons issue, that Defendants be served and made to appear and answer, that a JURY TRIAL be held, and that Plaintiff be awarded judgment in Plaintiff's favor and against the Defendants, and each of them jointly and severally, as follows:

(a) Under Count One, that Plaintiff Lee be awarded general and special damages in an amount in excess of $75,000.00, to be determined by a jury of Plaintiff's peers;

(b) Under Count Two, that Plaintiff Lee be awarded general and special damages in an amount in excess of $75,000.00, to be determined by a jury of Plaintiff's peers;

(c) Under Count Three, that Plaintiff be awarded punitive damages in an amount sufficient to punish and deter;

(d) Under Count Four, that Plaintiff Lee be awarded general and special damages in an amount in excess of $75,000.00, to be determined by a jury of Plaintiff's peers;

(e) Under Count Five, that Plaintiff be awarded punitive damages in an amount sufficient to punish and deter;

(f) Under Count Six, that Plaintiff Lee be awarded general and special damages, jointly and severally against both Defendants, in an amount in excess of $75,000.00, to be determined by a jury of Plaintiff's peers;

(g) That the cost of this action be levied against Defendants; and,

(h) That Plaintiff be awarded such other and further relief as this Court deems just and proper.

Case 07-cv-00507-CDL  Document 1  Filed 05/08/2007  Page 8 of 9

Respectfully submitted,
WARSHAUER POE & THORNTON, P.C.


By: \_\_\_/s/_____
Michael J. Warshauer
Georgia Bar Number 018720
Steven R. Thornton
Georgia State Bar No. 710630

Suite 2000
3350 Riverwood Parkway
Atlanta, Georgia 30339
(404) 892-4900