```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                        ATHENS DIVISION
```

FORREST WALTON LEE, JR.,          *

      Plaintiff,             *
                                  CASE NO. 3:07-CV-47(CDL)
vs.                               *

GENIE INDUSTRIES, INC. and        *
NEFF RENTAL, INC.,
                               *
      Defendants.
_____   *

## O R D E R

Presently pending before the Court is Hartford Casualty Insurance Company's Motion to Intervene as Plaintiff (Doc. 7). For the following reasons, this motion is granted.

## BACKGROUND

This diversity tort action arises from a May 15, 2005 accident that occurred when the truck Plaintiff was operating crashed into a wall. Plaintiff alleges that the accident was caused when the truck's brakes failed to engage. The truck was manufactured by Defendant Genie Industries and maintained by Defendant Neff Rental. At the time of the accident, Smith & Stillwell, Inc. employed Plaintiff, and Movant Hartford Casualty Insurance Company insured Smith & Stillwell.

Movant alleges that pursuant to Georgia's workers' compensation laws, it paid $42,295.14 in benefits to or on behalf of Plaintiff as compensation for his lost earnings and medical care. Movant seeks to intervene in this action in order to preserve its statutory

subrogation lien under O.C.G.A. § 34-9-11.1. The lien would potentially allow Movant to recover from Defendants the workers' compensation benefits paid to Plaintiff.

DISCUSSION

Movant seeks to intervene in the pending action under Federal Rules of Civil Procedure Rule 24(a), which provides:

> Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

For the following reasons, the Court finds that Movant has met the requirements for intervention as a matter of right.

**I.   Intervention as a Matter of Right**

In order to intervene in pending litigation as a matter of right, Movant must demonstrate that "a statute of the United States confers an unconditional right to intervene" or that (1) the Movant has an interest in the pending litigation, (2) disposition of the action could "impair or impede" Movant's ability to protect that interest, (3) Movant's interest is not adequately protected by the existing parties to the lawsuit, and (4) Movant's motion to intervene is timely. Fed. R. Civ. P. 24(a).

In this case, no party contends that a statute of the United States gives Movant the right to intervene. Rather, Movant claims

2

intervention as a matter of right is necessary in order to protect its interest in the pending litigation.

A. Movant's Interest

The parties do not dispute that Movant paid workers' compensation benefits to Plaintiff. There is also no dispute that O.C.G.A. § 34-9-11.1 provides Movant with the right to assert a subrogation lien for workers' compensation benefits paid by Movant to or on behalf of Plaintiff, so long as Plaintiff is fully and completely compensated for his injury. The creation of this subrogation lien is a sufficient interest to satisfy the first requirement of Rule 24(a).

B. Movant's Ability to Protect its Interest

O.C.G.A. § 34-9-11.1 provides that if an injured employee fails to file suit within one year after the date of the injury, the employer or the employer's insurer may assert the employee's cause of action, either in its own name or in the name of the injured employee. The Georgia courts have clarified that when the injured employee initiates a lawsuit before the expiration of this one-year period, the insurer or employer does not have this option. Instead, the insurer or employer *must* intervene in the action brought by the employee in order to preserve its subrogation rights under O.C.G.A. § 34-9-11.1. *See Canal Ins. Co. v. Liberty Mut. Ins. Co.*, 256 Ga. App. 866, 868, 570 S.E.2d 60, 63 (2002) (observing that an insurer lacks standing to challenge the dismissal of the action when insurer

3

fails to protect its subrogation lien by acting under O.C.G.A. § 34-9-11.1); *Anthem Cas. Ins. Co. v. Murray*, 246 Ga. App. 778, 782, 542 S.E.2d 171, 175 (2001) (holding that because insurer failed to intervene under O.C.G.A. § 34-9-11.1, insurer could no longer file an independent action against the third party for subrogation). Thus, when the injured party files the lawsuit within a year, the trial court's failure to allow an insurer to intervene constitutes an abuse of discretion under Georgia law. *Canal Ins. Co.*, 256 Ga. App. at 868, 570 S.E.2d at 63. Plaintiff in this case has obviously filed a personal injury lawsuit. Consequently, "'[i]t is the responsibility of the workers' compensation provider to protect its interest by intervention . . . ." *Id.* at 871, 570 S.E.2d at 65 (quoting *N. Bros. Co. v. Thomas*, 236 Ga. App. 839, 841, 513 S.E.2d 251, 253 (1999)). Since Movant forfeits its interest in its statutory subrogation lien if it fails to intervene in this case, Movant meets the second requirement of Rule 24(a).

### C. Adequate Representation by Existing Parties

The third element of Rule 24(a) requires Movant to demonstrate that its position cannot adequately be represented by existing parties to the lawsuit. Plaintiff contends that its interest and Movant's interest "meet and are entirely consonant" because "Plaintiff's obvious and ultimate goal is to obtain full compensation[,]" which would trigger Movant's recovery. (Pl.'s Br. in Opp'n to Hartford Cas. Ins. Co.'s Mot. to Intervene 21

4

[hereinafter Pl.'s Br.].) Plaintiff's argument, however, ignores the fact that the subrogation lien belongs to Movant, who must take action to protect its interest. Because Georgia law has granted Movant the right to assert and enforce the statutory subrogation lien, Movant's interests cannot be sufficiently represented by the existing parties to this lawsuit. Thus, Movant has met the third requirement of Rule 24(a).

### D. Timeliness of Motion

Finally, Rule 24(a) requires Movant's motion to be "timely." Georgia courts have interpreted O.C.G.A. § 34-9-11.1 to provide two distinct rights to a party wishing to assert a subrogation lien—the right to intervene and the right to enforce the lien. *See, e.g., Ga. Elec. Membership Corp. v. Hi-Ranger, Inc.*, 275 Ga. 197, 197, 563 S.E.2d 841, 842-43 (2002) (noting that although O.C.G.A. § 34-9-11.1 allows an employer to *intervene* in an employee's suit, an employer may *recover* only after the employee has been fully and completely compensated).

Movant's right to enforce its subrogation lien is not yet ripe because Plaintiff has not yet been fully compensated. However, because Movant's right to intervene is separate from and precedent to its right to enforce the lien, Movant's motion to intervene is timely. Movant therefore meets the fourth and final requirement of Rule 24(a). Since Movant has thus satisfied each requirement of Rule

5

24(a), the Court finds that Movant may intervene in this case as a matter of right.[1]

---

[1]The Court rejects Plaintiff's arguments that intervention should be denied because (1) O.C.G.A. § 34-9-11.1(b) is unconstitutional and (2) an application of equitable principles requires denial of Movant's motion.

Plaintiff's primary constitutional argument is that O.C.G.A. § 34-9-11.1 is unconstitutionally vague. Specifically, Plaintiff argues that it is impossible to determine the meaning of "fully and completely compensated" and that the statute provides little or no guidance on how to apply this phrase. The United States Supreme Court has cautioned that "[t]he judgment of federal courts as to the vagueness or not of a state statute must be made in the light of prior state constructions of the statute." *Wainwright v. Stone*, 414 U.S. 21, 22 (1973) (per curiam). Accordingly, a federal court "must take the statute as though it reads precisely as the highest court of the State has interpreted it." *Id.* at 22-23 (internal citation and quotation marks omitted). The Georgia Supreme Court has held that in the context of O.C.G.A. § 34-9-11.1(b), a worker is "fully and completely compensated" when "the amount of the settlement received by or the judgment awarded to the injured party exceeds the injured party's economic and noneconomic damages." *Thurman v. State Farm Mut. Auto. Ins. Co.*, 278 Ga. 162, 164, 598 S.E.2d 448, 451 (2004). The trial court makes the ultimate determination as to whether an employee has been fully and completely compensated within the meaning of the statute. *See Canal Ins. Co.*, 256 Ga. App. at 872-73, 570 S.E.2d at 66 ("The trial court alone must determine if the employee has been fully and completely compensated; neither party has a right to a jury determination of whether the injured employee has been fully and completely compensated under subsection (b).") (citations omitted). In light of this specific guidance from the Georgia courts, this Court cannot conclude that O.C.G.A. § 34-9-11.1 is unconstitutionally vague.

Plaintiff also contends that O.C.G.A. § 34-9-11.1 violates the Due Process and Equal Protection Clauses of the United States and Georgia Constitutions. Plaintiff argues that the statute violates equal protection by creating "two classes of citizens: injured workers and everyone else[,]" and results in a taking of property without due process of law by "ostensibly allow[ing] [the] assert[ion] [of] a lien on permanent partial disability benefits that are not economically based[.]" (Pl.'s Br. at 14, 15.) With respect to Plaintiff's equal protection claim, Plaintiff has not asserted that he is a member of any protected class, and the statute is rationally related to the legitimate purpose of preventing double recovery by employees. Therefore, Plaintiff's equal protection challenge is without merit. *See, e.g., Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995) (holding that absent allegations that a statute contains a suspect classification or burdens fundamental rights, a statute is constitutional if it is rationally related to a legitimate government purpose).

With respect to Plaintiff's due process claims, Georgia courts have been careful to limit satisfaction of a subrogation lien to economic

## II. Conditions Placed on Intervention

Plaintiff maintains that if the Court permits Movant to intervene, conditions should be placed on Movant's participation in the litigation. Relying on *Southern v. Plumb Tools*, 696 F.2d 1321 (11th Cir. 1983), Plaintiff argues that Movant should be forbidden from (1) attending depositions, (2) interfering with settlement negotiations, and (3) attending trial. Plaintiff contends that these conditions are necessary to "guard against the admission of any evidence of workers' compensation payments, and guard against any interference with Plaintiff's right to settle." (Pl.'s Br. at 23.)

---

damages only. *See, e.g., Canal Ins. Co.*, 256 Ga. App. at 870, 570 S.E.2d at 65 (noting that "subrogation cannot be satisfied out of a noneconomic recovery"). In fact, if an intervenor fails to request a special verdict form that illustrates the jury's apportionment of the employee's economic and noneconomic losses, the insurer would be precluded from recovery because it would be impossible to determine whether the employee had been fully and completely compensated. *See id.* at 871, 570 S.E.2d at 65. Thus, Plaintiff's due process claims are also without merit.

Finally, the Court rejects Plaintiff's contention that O.C.G.A. § 34-9-11.1 violates the provision of the Georgia Constitution prohibiting any law that refers to more than one subject matter. Ga. Const. art. 3, § 5, ¶ III. The purpose of that provision is "the prevention of surreptitious legislation . . . and the prevention of 'omnibus' bills combining many matters, adverse in their nature, with the view of combining in their favor the advocates of all and thus securing the passage of several measures no one of which could succeed upon its own merits." *Camp v. Metro. Atlanta Rapid Transit Auth.*, 229 Ga. 35, 38, 189 S.E.2d 56, 60 (1972) (internal citations omitted). O.C.G.A. § 34-9-11.1 "deal[s] with only one subject matter," and as such, simply does not fall within the category of prohibited legislation. *See id.*

The Court also rejects Plaintiff's contention that equitable principles prohibit intervention. Movant's attempt to protect its statutory lien is a standard and accepted practice, and it would be inappropriate to apply an equitable doctrine to bar that practice. *See M.G.B. Homes, Inc. v. Ameron Homes, Inc.*, 903 F.2d 1486, 1489 n.6 (11th Cir. 1990) (explaining that a plaintiff acting "within the bounds of an arguably accepted practice" is not barred from recovery by the equitable doctrine of unclean hands).

7

In *Plumb Tools*, the Eleventh Circuit held that imposing conditions on intervention under Rule 24 may be appropriate to prevent state substantive law from being significantly undermined. Plaintiff's reliance upon that decision in this case is misplaced, however, because Movant's participation in this litigation will not undermine Georgia's substantive law.

In this diversity case, the Court will continue to apply the law of Georgia, which adequately addresses Plaintiff's concerns. First, Georgia law provides for the bifurcation of trial in subrogation cases in order "to avoid revealing to the jury that the employee has already recovered a collateral source, the workers' compensation benefits." *Canal Ins. Co.*, 256 Ga. App. at 870, 570 S.E.2d at 65 (citing *Hammond v. Lee*, 244 Ga. App. 865, 868-69, 536 S.E.2d 231, 234-35 (2000)).[2] Georgia courts have also noted that because "[a]n intervenor's choice of pleadings or argument may on occasion conflict with a plaintiff's choice[,]" the trial courts have the responsibility to "referee such disagreements and conflicts . . . on a case-by-case basis." *Int'l Maint. Corp. v. Inland Paper Bd. & Packaging, Inc.*, 256 Ga. App. 752, 754-55, 569 S.E.2d 865, 868

---

[2] The court also noted that "[i]n the first portion of the bifurcated trial, a special verdict form rather than a general verdict form should be used to determine what recovery is returned for medical expenses, lost wages, and pain and suffering, because the subrogation cannot be satisfied out of a noneconomic recovery." *Canal Ins. Co.*, 256 Ga. App. at 870-71, 570 S.E.2d at 65 (internal citations omitted). Without a special verdict form, an insurer would have a difficult time proving that an employee had been fully compensated. *Id.* at 871, 570 S.E.2d at 65. Just as with intervention, however, it is the insurer who must protect its interests by requesting the special verdict form. *Id.*

8

(2002).[3] Since proper application of Georgia law will sufficiently protect Plaintiff's ability to pursue his cause of action, the Court finds it unnecessary to impose any additional conditions on Movant's intervention at this time.

CONCLUSION

For the foregoing reasons, the Court grants Movant Hartford Casualty Insurance Company's Motion to Intervene as Plaintiff (Doc. 7) as follows:

(1) Hartford is permitted to intervene in this action as a party plaintiff.

(2) The complaint of intervenor Hartford attached to its Motion to Intervene as Plaintiff shall be deemed filed as of the date of this Order. Hartford shall serve its complaint upon the other parties as provided by law. Defendants shall be required to respond to said Complaint within thirty days from the date of service thereof by Hartford.

---

[3]Moreover, it seems unlikely that any such conflicts would arise in this subrogation case, since "it would seem to be in the best interests of lienholders to maximize a plaintiff's recovery to better their chances of proving that a claimant has been fully and completely compensated." *Int'l Maint. Corp.*, 256 Ga. App. at 755, 569 S.E.2d at 868. It also seems unlikely that Movant will interfere with Plaintiff's right to settle this case, since even after settlement, Movant could still litigate its subrogation lien. "Intervention under O.C.G.A. § 34-9-11.1 gives the intervenors rights against the defendants and the plaintiffs which are analogous to cross-claims." *Id*. Accordingly, even if Plaintiff settles, Movant's claim against Plaintiff would remain for adjudication, and the issue would be whether Plaintiff was fully and completely compensated by the settlement. *See id.*

9

IT IS SO ORDERED, this 5th day of November, 2007.

                                        S/Clay D. Land
                                         CLAY D. LAND
                                  UNITED STATES DISTRICT JUDGE